(January 23, 1913.)

## A. F. BEYMER, Respondent, v. JOHN W. MONARCH and WILLIAM S. PORTER, Copartners, Defendants, and THE TITLE GUARANTY & SURETY COMPANY, a Corporation, Appellant.

[129 Pac. 919.]

APPEAL—RETRIAL—ISSUES DECIDED ON FORMER APPEAL—ASSUMPTION OF CONTRACT—LIABILITY.

(Syllabus by the court.)

1. *Held*, where questions have been decided by this court in a former opinion, and the case is retried upon the same pleadings and the same evidence, with some new evidence which does not change the weight of evidence, this court will not review the facts in the opinion upon the second appeal.

2. The evidence examined and *held* sufficient to support the findings and judgment.

3. Where the contract sued upon was made at Washington between Monarch & Porter and the government of the United States and the Title Guaranty & Surety Company, and by such contract the Title Guaranty & Surety Company agreed to pay the indebtedness in dispute, and such company, in consideration of Monarch & Porter's turning over to the company its property and turning over the contract to the company, assumed the responsibilities of Mon-

arch & Porter under said contract, and the completion of the contract having been fully proven, *held,* that the plaintiff should recover the damages proven and alleged in the complaint.

APPEAL from the District Court of the Third Judicial District for Ada County.   Hon. Carl A. Davis, Judge.

Action to recover a debt under contract.   *Affirmed.*

B. F. Neal and Hawley, Puckett & Hawley, for Appellant.

Cavanah, Blake & MacLane, for Respondent.

The authorities cited by counsel in their briefs do not go to the grounds on which this case is decided.   See former case, same title, 19 Ida. 304.

STEWART, J.—This action was brought to recover the sum of $4,433.22 alleged to be due for labor and merchandise furnished to Monarch & Porter by the respondent and his assignors while Monarch & Porter were engaged in the construction of an irrigation system near Rupert, Idaho, under a contract with the government of the United States.   The case was tried in the district court of Ada county and judgment rendered in favor of the respondent in this case and against Monarch & Porter, and in favor of the defendant Title Guaranty & Surety Co.   An appeal was taken in that case and the judgment was reversed.   (19 Ida. 304, 113 Pac. 739.)

Upon a retrial the cause was tried upon the same pleadings as the former trial, and the evidence offered and received in the former trial was by agreement admitted as evidence at the retrial, and additional evidence was also offered by the introduction of oral testimony, and depositions were also introduced; upon the evidence thus taken the cause was submitted to the trial court and findings of fact were made by the trial court.

The trial court upon the second trial found for the respondent upon all the issues of fact, and as conclusions of law found as follows:

"1. That this court has jurisdiction and power to hear and determine all of the causes of action set forth in plaintiff's complaint.

"2. That the agreements in these findings found to have been made by the defendants are not within the statutes of fraud of Idaho.

"3. That the defendants, John W. Monarch, William S. Porter, a copartnership, and the Title Guaranty & Surety Company, a corporation, are justly indebted to the plaintiff in the amounts claimed in the causes of action set forth in plaintiff's complaint [aggregating $5,118.04], together with interest on said several amounts at the rate of seven per cent per annum from this date.

"4. That the plaintiff is entitled to recover of and from the said defendants attorney's fees in the sum of $50 on his said first cause of action, and attorney's fees of $50 on his fourth cause of action, together with interest thereon at the rate of seven per cent per annum from this date.

"5. That the plaintiff is entitled to judgment against the said defendants for the aforesaid sums referred to . . . . together with interest thereon at the rate of seven per cent per annum from this date, and for his costs and disbursements incurred therein; and it is ordered that judgment be entered accordingly.

"CARL A. DAVIS,

"District Judge."

"Jan. 24, 1912."

In accordance with the findings of fact and conclusions of law the court rendered judgment that the plaintiff, A. F. Beymer, respondent herein, recover of and from the defendants, John W. Monarch and Wm. S. Porter, a copartnership, and the Title Guaranty & Surety Company, the sum of $5,118.04, together with the sum of $100 attorney's fees, found to be due plaintiff from defendants, with interest on the sums at the rate of seven per cent per annum from the date thereof until paid, together with plaintiff's costs and disbursements.

A motion for a new trial was made and overruled, and this

appeal is from the judgment and the order overruling the motion for a new trial.

There are many errors assigned as occurring during the trial, all of which are necessarily included in the principal questions summarized by counsel for appellant in his brief as follows:

"1. Did appellant take possession of the property of Monarch & Porter in use on said construction contract, about March, 1906 . . . . as found by the court, or at all?

"2. Did appellant take over said contract in March, 1906, and thereafter complete said contract?

"3. Was either T. P. Murphy, B. F. Neal or Neal & Kinyon authorized to bind appellant, upon any special promise, to pay any of the claims involved in this suit?

"4. Was a promise made by L. A. Watres to John Porter, or at all, that appellant would apply any part of the proceeds of the government warrant of $19,482.67, paid to Monarch & Porter in March, 1907, to the payment of the claims involved in this action, or any part of them?

"5. If T. P. Murphy, B. F. Neal and Neal & Kinyon, or any of them, made promises to appellant or to any of his assignors, that appellant would pay, was such promises upon a consideration, moving to appellant?"

Most of the questions here assigned were considered and decided by this court in the former opinion, and the real point that appellant seems to be urging in his brief is: Did the defendant company, which executed a surety bond for Monarch & Porter under a contract with the government, promise to pay the claims involved in this suit? This question was considered and decided in the former opinion, and a re-examination of the evidence upon this appeal clearly shows that the Title Guaranty & Surety Company, appellant, took possession of the property and assets of Monarch & Porter and assumed the responsibilities of Monarch & Porter in the completion of said contract and the payment of the debts of Monarch & Porter contracted in the constructive work done under said contract, up to the time Monarch & Porter turned over

their property, and the further construction of the works by the Title Guaranty & Surety Company.

We think the weight of the evidence supports the findings of the trial court, that the cause of action is based upon the contract alleged in the complaint, and that such contract was made at Washington, and that the Title Guaranty & Surety Company agreed to pay the indebtedness in dispute in this action, and that such company, in consideration of Monarch & Porter's turning over to the company its property, and turning over the contract to the company, assumed the responsibility of Monarch & Porter under said contract, and that the completion of the contract is fully proven, and the court has so found. We deem it unnecessary, by reason of the former opinion, to enter into any further discussion of the facts or the specific errors assigned upon the appeal. The judgment is *affirmed.* Costs awarded to the respondent.

Sullivan, J., concurs.